UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORRION MYKEL CHATMON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2121 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Corrion Mykel Chatmon's petition for a writ of habeas corpus, and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Respondent's motion should be granted and Chatmon's petition should be dismissed.

**I.      Background**

Chatmon is an inmate in the custody of the Texas Department of Criminal Justice. He pled guilty in the 180th District Court of Harris County, Texas to one count of being a felon in possession of a weapon. Pursuant to the plea agreement, the trial court sentenced Chatmon to a three year term of imprisonment. Judgment, CR at 59-60.[1]

A Texas appellate court affirmed Chatmon's conviction. *Chatmton v. State*, No. 01-16-00331-CR, 2016 WL 6754595 (Tex. App. – Houston [1st Dist.] Nov. 15, 2016, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") refused Chatmon's petition for discretionary review.

---

[1]      "CR" refers to the Clerk's Record of Chatmon's state trial court proceedings. Doc. # 9-1.

Chatmon filed a state habeas corpus application. The TCCA denied relief on August 9, 2017. *Ex Parte Chatmon*, No. WR-87,162-01 (Tex. Crim. App. Aug. 9, 2017).

Chatmon filed this federal petition on June 23, 2018. Respondent moved for summary judgment on September 24, 2018. Chatmon did not respond to the motion.

## II. Background

The Texas Court of Appeals summarized the relevant facts:

> In May 2014, Deputy Hebert, an employee of the County Sheriff's Office Crime Control Division, was traveling north on Homestead Road. Hebert spotted a vehicle with no front license plate and dark tinted windshield and front side windows. He executed a traffic stop. Hebert asked Chatmon, the driver, for his driver's license and proof of insurance. Chatmon gave Hebert his driver's license and informed Hebert that he did not have proof of insurance because the car was a rental. Hebert checked the tint on the windows and ran a warrant check. The warrant check revealed that Chatmon had a previous charge for unlawfully carrying a weapon, multiple charges for burglary of a motor vehicle, and other misdemeanor and felony cases. But Hebert found no open warrants for Chatmon's arrest.
>
> Hebert issued citations for the offenses of (1) attempted window material—wrong color; (2) affixing light-altering material to the window; and (3) no seat belt—driver. Hebert asked Chatmon if he had any weapons in his vehicle. After Chatmon responded "no," Hebert asked for permission to search Chatmon's vehicle. Chatmon agreed.
>
> Hebert recovered approximately 100 gift cards from the center console and three cell phones. He also found a pair of black gloves, a sling shot, four flashlights, two screwdrivers, and a pair of binoculars. Screwdrivers and binoculars are typically used in the burglary of motor vehicles. Without seeking additional consent, Hebert then searched the contents of Chatmon's cell phone. He discovered numerous photos of random individuals at gas stations. Hebert then continued the search of the vehicle. He found a loaded Glock 27 hidden under the steering column behind the plastic covering.

> The trial court overruled Chatmon's motion to suppress evidence of the gun. Chatmon then pleaded guilty and was sentenced to three years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

*Chatmon v. State*, No. 01-16-00331-CR, 2016 WL 6754595, at *1 (Tex. App. [1st Dist.] Nov. 15, 2016).

### III. <u>Analysis</u>

Chatmon's petition raises only one claim for relief. He argues that the traffic stop and subsequent search of his car violated his rights under the Fourth Amendment. Petition (Doc. # 1) at 5-7.

Chatmon acknowledges that he moved to suppress the evidence seized during the traffic stop. Petition at 6. The trial court held an evidentiary hearing and denied the motion to suppress. *Id.* at 8.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Chatmon does not dispute that he had a full and fair opportunity to litigate this issue in state court; he argues instead that the state courts reached the wrong conclusion. As *Stone* makes clear, however, because Chatmon had a full and fair opportunity to litigate this issue in state court, federal habeas corpus relief is not available.

## IV.     Certificate of Appealability

Chatmon has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Chatmon fails to present a

cognizable claim. Therefore, Chatmon has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

V.      **Order**

For the foregoing reasons, it is ORDERED as follows:

A.      Respondent Lorie Davis' Motion for Summary Judgment (Doc. # 8) is GRANTED;

2.      Corrion Mykel Chatmon's Petition for Writ Of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE; and

3.      No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 28th day of June, 2019.

_____
Kenneth M. Hoyt
United States District Judge